IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| JAMES KITTELL BRADLEY<br>184 Baybourne Drive<br>Arnold, Anne Arundel County, MD 21012<br>  Plaintiff<br><br> v.<br><br>UNITED STATES FEDERAL<br>BUREAU OF INVESTIGATION,<br><br>Robert S. Mueller, Director<br>J. Edgar Hoover Building<br>935 Pennsylvania Avenue, NW<br>Washington, DC 20535-0001<br><br>and<br><br>Jennifer J. McDonald,<br>Supervisory Legal Instruments Examiner<br>NICS Section Team 3, Criminal Justice<br>Information Services Division<br>U.S. Department of Justice, Federal<br>Bureau of Investigation<br>1000 Custer Hollow Road<br>Clarksburg, WV 26306-0001<br><br>  Defendants | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>Civil Action No.:<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

*********************************************************************************************

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

James Kittell Bradley, Plaintiff, by his attorney, Kevin B. Kamenetz, complains of the above-named Defendants for acts or omissions relating to their employment, and represents to this Honorable Court as follows:

1

1. This action arises under § 921 (a) (20) of Title 18 of the United States Code, which provides for allowing possession of a firearm where a disqualifying criminal conviction has been expunged, or set aside, or for which a person has been pardoned or had civil rights restored, provided that the pardon, expungement or restoration of civil rights does not expressly provide that a person may no longer possess a firearm.

2. This suit is filed pursuant to §§ 701 *et seq.* of Title 5 of the United States Code and §§ 2201 and 2202 of Title 28 of the United States Code.

3. This Court has jurisdiction under §§ 1331, 1337 and 1346 of Title 28 of the United States Code.   Venue lies in this Court under § 1391 (e) of Title 28 of the United States Code.

4. Plaintiff is a resident of Anne Arundel County, Maryland, owns real property in Anne Arundel County and Baltimore County, Maryland, and conducts business in Baltimore County, Maryland, including subcontracting work on behalf of the United States government.

5. Defendants in the scope of employment work and constitute a Federal agency organized and existing under the Executive Branch of the United States Government.

6. Defendants in their employment capacity are responsible, among other things, for reviewing the ability of individuals to purchase firearms through interstate commerce after review of a National Instant Criminal Background Check System implemented consistent with § 921 of Title 18 of the United States Code.

7.      On July 2, 2004, after several reviews, Plaintiff was informed under case NTN 0KLN4F9 by the National Instant Criminal Background Check System, Appeal Services Team, that he was denied authority to purchase a firearm because of a disqualifying criminal conviction.   Said denial is illegal, null and void as Defendants failed to recognize that § 921 (a) (20) of Title 18 of the United States Code provided for allowing purchase of a firearm where a criminal conviction had been set aside.

8.      Specifically, Plaintiff, now age 63, was indicted on February 1, 1962, when he was under the age of legal majority, before the United States District Court for the District of Oregon, case number C-19354, with the December 31, 1961 (New Year's Eve) transportation of a stolen motor vehicle across state lines, in violation of Title 18 United States Code § 2312.  However, Plaintiff's adjudication was "suspended and placed on probation for a period of three years under the provisions of Title 18 United States Code § 5010(a)."   Thereafter, Plaintiff was authorized to leave the State of Oregon, to return to the active duty service of the United States Navy, where he was subsequently honorably discharged.

9.      The former 18 U.S.C. Section 5010 (a) provided for probation with the conviction set aside after entry of unconditional discharge, under the provisions known as the Federal Youth Offenders Act.   Although this act was subsequently was repealed by Congress effective October 12, 1984, provisions of the Federal Youth Offenders Act provided for issuance of a certificate by the Court setting aside the convictions of youth offenders upon placement on probation.   Prior federal court decisions have ruled that

the provisions that a youth offender shall be discharged unconditionally is mandatory and unequivocal.

10.    Plaintiff's December 31, 1961 offense, adjudicated in February 1962, should be considered as discharged under the Federal Youth Offenders Act, and therefore constitutes the equivalent of an expungement.  Under these circumstances, Defendants should have provided a determination that the denial to purchase a firearm should be nullified.

11.    Plaintiff has exhausted any administrative remedies available.

12.    Promulgation of the regulation and enforcement of the denial to purchase firearms has caused and will continue to cause Plaintiff unusual hardship and irreparable injury, in that Plaintiff, who has no prior criminal convictions, regularly purchases and collects firearms as a hobby, and is within the definition of a "Collector" pursuant to 18 U.S.C. Section 921 (a) (13) as any person who acquires, holds or disposes of firearms as curios or relics.   Denial by the National Instant Criminal Background Check System now prevents Plaintiff from engaging in his hobby as a Collector.   Moreover, given his denial to purchase firearms in the State of Maryland, Plaintiff is now forced to resign his membership in a social club of Collectors that has as a minimum eligibility requirement for membership a certification that each member is authorized to purchase firearms in the State of Maryland.

13.    Prior to this 2004 denial, Plaintiff has previously been approved on numerous occasions by the National Instant Criminal Background Check System to

4

lawfully purchase firearms, and has relied upon these prior approvals to make such firearm purchases.

14. This 2004 denial by the by the National Instant Criminal Background Check System also may jeopardize Plaintiff's gainful employment, which has included past and present subcontracting work on behalf of the United States Department of Defense.

15. Plaintiff has no adequate remedy at law.

16. There is actual controversy within the jurisdiction of this Court.

17. Declaratory and injunctive relief will effectively adjudicate the rights of the parties.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. Determine as null and void the denial of the National Instant Criminal Background Check System NTN 0KLN4F9 in the determination that Plaintiff has been convicted of a disqualifying event, and order that Plaintiff should be allowed possession and purchase of a firearm where his conviction has been expunged or set-aside, pursuant to 18 U.S.C. Section 921 (a) (20);

B. Order the entry of unconditional discharge of the Plaintiff in the case of United States v. James Kittell Bradley, U.S. District Court for the District of Oregon, Case Number C-19354 (1962), and find that any felony

      conviction has been set-aside, such that it cannot constitute a prior felony conviction within the meaning of 18 U.S.C. Section 922;

C.     Restrain the Defendants from enforcement of their denial in its application to the Plaintiff;

D.     Issue such other and further relief as the nature of this cause may require.

        Respectfully submitted,

        _____/s/_____
Kevin B. Kamenetz, Federal Bar No. 03548
40 W. Chesapeake Avenue, Suite 518
Towson, Maryland 21204
(410) 825-0070
Facsimile: 410-825-1794

Counsel for Plaintiff

March 22, 2005