**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| JAMES KITTELL BRADLEY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. RDB 05-797 |
| | : | |
| UNITED STATES FEDERAL BUREAU | : | |
| OF INVESTIGATION, *et al.*, | : | |
| | : | |
| Defendants. | : | |

---

## MEMORANDUM OPINION

This is an action filed by Plaintiff James Kittell Bradley ("Plaintiff" or "Bradley") against the Federal Bureau of Investigation ("the FBI"), Robert S. Mueller, Director of the FBI, and Jennifer S. McDonald, Supervisory Legal Instruments Examiner (collectively, "Defendants"). Plaintiff's Complaint, filed March 23, 2005, alleges that Defendants improperly denied him authorization to purchase a firearm and seeks declaratory and injunctive relief.

Now before this Court is Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In his prayer for relief, Bradley requests that this Court order his unconditional discharge from his 1962 conviction in the United States District Court for the District of Oregon. He specifically contends that he was sentenced as a minor under the Federal Youth Corrections Act ("FYCA")[1] and that this conviction should have been subsequently set aside pursuant to that Act.[2] Defendants contend that this Court does not have jurisdiction to

---

[1]     18 U.S.C. § 5005 *et seq*, repealed P.L. 98-473, Title II, § 218(a)(8), Oct. 12 1984, 98 Stat. 2027.

[2]     18 U.S.C. § 5021(b).

order the unconditional discharge of Bradley from his 1962 conviction in the Oregon federal

court.  Therefore, Defendants claim, in the absence of an unconditional discharge by the United

States District Court for the District of Oregon, there is no basis for this Court to consider

Plaintiff's conviction as having been discharged, and the FBI properly denied Plaintiff

authorization to purchase a firearm.  Defendants also suggest that Bradley return to the federal

court in Oregon, to remedy his complaint with respect to the original sentence and the lack of a

subsequent unconditional discharge.

　　　　Plaintiff contends that the Oregon federal court "would likely lack authority to issue an

order" of unconditional discharge in light of the subsequent repeal of the FYCA.  (Pl.'s Resp. at

4.)  Plaintiff contends that he is therefore without adequate remedy for the declaratory and

injunctive relief he seeks.  Plaintiff alternatively argues that agency action by Defendants is

subject to judicial review under various Administrative Procedure Act[3] provisions, or that Rule

60(b) of the Federal Rules of Civil Procedure provides relief from the Oregon judgment.

　　　　The issues have been fully briefed and no hearing is necessary.  *See* Local Rule 105.6 (D.

Md. 2004).  For the reasons that follow, Defendants' Motion to Dismiss is GRANTED.

I.　　Background

　　　　The facts are recited in the light most favorable to the Plaintiff.  Plaintiff was indicted on

February 1, 1962 when he was under the age of legal majority, in the United States District

Court for the District of Oregon, and subsequently convicted for transporting a stolen motor

vehicle across state lines, in violation of 18 U.S.C. § 2312.  However, the imposition of sentence

was suspended and Bradley was placed on probation for a period of three years under the

---

[3]　　　　5 U.S.C. §§ 551 *et seq.*

2

provisions of the FYCA, 18 U.S.C. § 5010(a).  Plaintiff was authorized to leave the State of Oregon to return to the active duty service of the United States Navy, from which he was subsequently honorably discharged.  Pursuant to the provisions of the now repealed FYCA, the Oregon federal court had the authority to issue a certificate of unconditional discharge of the conviction upon Bradley being honorably discharged from the United States Navy.  The Plaintiff acknowledges that the United States District Court for the District of Oregon did not consider or enter an unconditional discharge of the earlier conviction.  (Pl.'s Resp. at 3.)

Defendants, in their employment capacities, are responsible, among other things, for reviewing the ability of individuals to purchase firearms through interstate commerce after review of a National Instant Criminal Background Check System ("NICS").[4]  On July 2, 2004, after several reviews, Plaintiff was informed by the NICS Appeal Services Team, that he was denied authority to purchase a firearm because of a disqualifying criminal conviction.  Plaintiff alleges that the denial was illegal, null and void, as Defendants failed to recognize that 18 U.S.C. § 921(a)(20) provided for allowing the purchase of a firearm where a criminal conviction had been set aside.[5]

---

[4]     The Brady Handgun Violence Prevention Act, Public Law 103-159, 107 Stat. 1536 (1993) ("Brady Act") amended the Gun Control Act of 1968, as amended, 18 U.S.C. §§ 921-930 ("GCA"), to provide for mandatory background checks of persons attempting to purchase firearms, in order to prevent purchases by those barred by the GCA and state law from possessing firearms.  The Brady Act directed the Attorney General to establish and operate a nationwide background check system that licensed firearms dealers could contact, by phone or electronically, to be informed whether information in the system indicates that transfer of a firearm to a particular individual would be prohibited.  *See* Brady Act, 103; 18 U.S.C. §§ 922(t)(1)and (t)(2).  In accordance with the Brady Act, the Attorney General established the National Instant Criminal Background Check System ("NICS").  *See* 28 C.F.R. § 25.1 *et seq.*  The Attorney General has assigned management of the NICS to the FBI.  *See* 28 C.F.R. § 25.3.

[5]     18 U.S.C. § 921(a)(20) provides, in relevant part:

Any conviction which has been expunged, or set aside or for which a person has been pardoned

II.     Standard of Review

        Defendants seek to dismiss Plaintiff's action under Rule 12(b)(6) of the Federal Rules of

Civil Procedure, for failure to state a claim upon which relief can be granted.  As the legal

sufficiency of the complaint is challenged under a Rule 12(b)(6) motion, the court assumes "the

truth of all facts alleged in the complaint and the existence of any fact that can be proved,

consistent with the complaint's allegations."  *Eastern Shore Mkts. v. J.D. Assocs. Ltd. P'ship*,

213 F.3d 175, 180 (4th Cir. 2000) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

A Rule 12(b)(6) motion to dismiss "should only be granted if, after accepting all well-pleaded

allegations in the plaintiff's complaint as true, it appears certain that the plaintiff cannot prove

any set of facts in support of his claim entitling him to relief."  *Migdal v. Rowe Price-Fleming

Int'l Inc.,* 248 F.3d 321, 325 (4th Cir. 2001).

        In reviewing the complaint, the court accepts all well-pleaded allegations of the

complaint as true and construes the facts and reasonable inferences derived therefrom in the light

most favorable to the plaintiff.  *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997);

*Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).  However, "[t]he court need not,

however, accept unsupported legal conclusions, *Revene v. Charles County Comm'rs*, 882 F.2d

870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papason v. Allain*,

478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986), or conclusory factual allegations

devoid of any reference to actual events, *United Black Firefighters v. Hirst,* 604 F.2d 844, 847

---

        or has had civil rights restored shall not be considered a conviction for purposes of this chapter,
        unless such pardon, expungement, or restoration of civil rights expressly provides that the person
        may not ship, transport, possess, or receive firearms.

(4th Cir. 1979)."  *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 329 F. Supp. 2d 574, 578

(D. Md. 2004).  The court "need not accept as true unwarranted inferences, unreasonable

conclusions, or arguments."  *Eastern Shore Mkts., Inc.,* 213 F.3d at 180.

III.    Discussion

        In support of its Motion to Dismiss Plaintiff's request for injunctive and declaratory

relief, Defendants first note that the Gun Control Act ("GCA") prohibits the possession of a

firearm by a person who has been convicted of a crime punishable by imprisonment for a term

exceeding one year.  *See* 18 U.S.C. § 922(g)(1).  Defendants note that the crime at issue here,

transportation of a stolen vehicle under 18 U.S.C. § 2312, is punishable for up to ten years, and

therefore, a conviction is a qualifying crime pursuant to the GCA prohibitions.  Although

Plaintiff uses the term "adjudication" in his Complaint to describe the judicial proceedings that

occurred in Oregon, the undisputed facts clearly indicate that the Plaintiff was, in fact, convicted

under 18 U.S.C. § 2312 and a sentence was imposed.[6]

        Secondly, Defendants acknowledge that Plaintiff's conviction would not be disqualifying

under the GCA if it had been expunged or set aside.  However, Defendants note, Plaintiff does

not allege that such an expungement or set aside actually occurred prior to his application for the

possession of a firearm.  Therefore, Defendants assert that the FBI's denial of his application to

purchase a firearm was appropriate.

        In response, Plaintiff contends that the conviction should be considered as discharged

pursuant to the FYCA, even though Plaintiff does not allege that the federal court in Oregon

---

        [6]      Plaintiff alleges that the District of Oregon court entered an order pursuant to former 18
U.S.C. § 5010(a) (repealed 1984), which was one of the sentencing provisions of the Federal Youth
Corrections Act of 1950.  Therefore, Defendants claim, Plaintiff was convicted for an offense, even
though, under 18 U.S.C. § 5020(a) (repealed 1984) the court ordered probation instead of commitment.

actually issued an unconditional discharge or a certificate setting aside the conviction.[7]  Plaintiff

agrees that the Oregon federal court had authority under the Federal Youth Corrections Act to

issue a certificate of unconditional discharge.  Nevertheless, Plaintiff contends that under *Tuten*

*v. United States*, 460 U.S. 660 (1983), the United States District Court for the District of Oregon

could only set aside the conviction *prior* to the expiration of the sentence imposed.

In *Tuten*, however, the Supreme Court stated that "[a] youth offender who believes that

*the sentencing court's* failure to grant an early unconditional discharge from probation was an

oversight may, *following the completion of his probationary period, move that court* to exercise

its discretion to grant him an early unconditional discharge *nunc pro tunc* and to set aside his

conviction."  *Tuten*, 460 U.S. at 668 (emphasis supplied) (citing *United States v. Fryer*, 545 F.2d

11, 13 n.3 (6th Cir. 1976)).  Even if, as Plaintiff states in his Opposition to Defendants' Motion,

the federal court in Oregon's failure to grant an early unconditional discharge from probation

was due to an oversight by that court, the Supreme Court in *Tuten* specified that a youth offender

must seek remedy in the sentencing court.  As a result, the FBI's denial of his application to

purchase a firearm was appropriate, and Plaintiff has not stated a claim for which relief can be

granted from this Court.

Despite the Supreme Court's pronouncement that Plaintiff must seek relief from the court

in which he was sentenced, Plaintiff suggests that he is without adequate remedy to seek relief in

Oregon.  Specifically, Plaintiff notes that the FYCA was repealed by Congress in 1984 after the

*Tuten* decision and therefore, even if Plaintiff were to make an application for a *nunc pro tunc*

---

[7]        According to Plaintiff's Complaint, 18 U.S.C. § 5010(a) (repealed 1984) "provided for probation with the conviction set aside after entry of unconditional discharge" and that "provisions of the Federal Youth Offenders Act provided for issuance of a certificate by the Court setting aside the convictions of youth offenders upon placement of probation."  (*See* Compl. ¶ 9).

order for unconditional discharge, the United States District Court for the District of Oregon would lack authority to issue an order pursuant to a law that no longer exists.  Consequently, Plaintiff argues that he is without adequate remedy for the declaratory and injunctive relief he seeks.  Plaintiff cites no authority in support of this argument and, as Defendants aptly note, the federal court in Oregon retains jurisdiction to determine the propriety of issuing an unconditional discharge or a certificate setting aside an earlier conviction in that court.

Alternatively, Plaintiff cites 5 U.S.C. §§ 701-706 of Administrative Procedure Act ("APA") and 28 U.S.C. §§ 2201 and 2202 in support of his argument that agency action by the Defendants is subject to judicial review by this Court.  Defendants correctly note that an "agency action" is not at issue in this case, as the FBI does not have authority to issue an unconditional discharge.  In addition, as stated above, Defendants' denial of Plaintiff's application to purchase a firearm was appropriate, in light of the fact that Plaintiff's conviction is a qualifying crime pursuant to the GCA prohibitions and has not been set aside.

Finally, Plaintiff cites Rule 60(b)(5) of the Federal Rules of Civil Procedure in support of his contention that the Rule provides for relief from a judgment or order where it is no longer equitable that a judgment should have prospective application.  Plaintiff also states that Rule 60(b)(6) provides for relief from a judgment or order for any other reason justifying relief from the operation of the judgment.  Furthermore, Plaintiff states that relief may be obtained in a court where the judgement was rendered, or in an independent action, which may or may not be begun in the court which rendered the judgment.

In *United States v. Beggerly*, 524 U.S. 38 (1998), the Supreme Court of the United States stated that "[i]ndependent actions [pursuant to Rule 60(b)] must . . . be reserved for those cases

7

of 'injustices which, in certain instances, are deemed sufficiently gross to demand a departure'

from rigid adherence to the doctrine of res judicata.'" *Beggerly*, 524 U.S. at 46 (quoting *Hazel-*

*Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244 (1944)).  Furthermore, "under the

Rule, an independent action should be available only to prevent a grave miscarriage of justice."

*Beggerly*, 524 U.S. at 47; *see also Stradley v. Cortez*, 518 F.2d 488, 493 (3d Cir. 1975) (stating

that "Rule 60(b)(6) is available only in cases evidencing extraordinary circumstances. . . .").  The

facts of this case indicate that Plaintiff  has not alleged facts of "grave miscarriage of justice" by

the United States District Court for the District of Oregon.  As stated previously, under *Tuten,*

Plaintiff may move the sentencing court to exercise its discretion to grant him an early

unconditional discharge *nunc pro tunc* and to set aside his conviction.  In light of the fact that

Plaintiff is free to pursue any action he may have in the United States District Court for the

District of Oregon, Plaintiff has not met the Rule 60(b) standard.  Therefore, Defendants' Motion

to Dismiss is GRANTED.

IV.   Conclusion

For the reasons stated above, Defendants' Motion to Dismiss is GRANTED.  A separate

order will follow.


August 24, 2005                                         /s/_____
                                                       Richard D. Bennett
                                                       United States District Judge